

TRINITY CENTRE
115 BROADWAY, 17TH FLOOR
NEW YORK, NY 10006
TEL: (212) 566-1000
FAX: (212) 566-1068

August 25, 2015

<u>Via ECF and Email</u>
Honorable Raymond J. Dearie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

  <u>Re</u>: <u>United States v. Vitaly Korchevsky</u>
     15 Cr. 381 (RJD)

Dear Judge Dearie:

  As you are aware, a bail hearing is scheduled before your Honor tomorrow morning.  Despite the fact that one EDPA Federal Magistrate has previously ordered Mr. Korchevsky released, and <u>both</u> Pre-Trial Services Offices in Pennsylvania and New York have previously recommended his release, Mr. Korchevsky remains incarcerated because the government continues to seek his detention.  In combination with our previous letter of August 13, 2015, I respectfully submit that following bail proposal for your Honor's consideration.  Given Mr. Korchevsky's overwhelming community ties, his prominence within the Slavic Baptist Church, and the government's substantial encumbrance of his property and assets, the following bail proposal will more than sufficiently insure his appearance at all court proceedings.

  We respectfully propose that the Court release Mr. Korchevsky on a two-million ($2,000.000) dollar bond to be secured with: (1) 9 financially responsible sureties; (2) 2 properties with approximately seven-hundred thousand ($700,000) dollars in equity; and (3) a sum of cash.  In addition, Mr. Korchevsky, who is a U.S. citizen (and not a citizen of any other country), will continue to surrender his U.S. Passport as well as the Passports of his wife Svetlana Korchevsky and both of his children.  Further, Mr. Korchevsky will restrict his movement to only the EDPA and the EDNY.  If the Court requires, Mr. Korchevsky consents to home detention with location monitoring (at his expense).  Frankly, it is hard to imagine more restrictive bail conditions.

  The Court is respectfully urged to keep in mind a few additional things. First, after their own investigations for the sole purpose of providing the court with a bail recommendation, <u>both</u> the EDPA and EDNY recommended Mr. Korchevsky's release.  As instructed, our potential sureties have executed applications, provided documentation and have been interviewed by PTS.  Almost every one of the sureties have been deemed suitable.  Secondly, regarding cash, our client's family has been working tirelessly to raise cash for bail purposes.  There is certainly cash available and we are continuing to work towards a certain amount.  Thirdly, both properties that we propose are <u>unencumbered</u> by the government and not listed in the forfeiture allegation portion of the instant indictment.  One is Mr. Korchevsky's primary home, which was purchased in 2004, and the other is owned by his in-laws.  We take exception, therefore, to the government's statement in their most recent letter submitted today where they allude to the vague idea that proceeds of the instant charges "went to pay some portion of both proposed properties."  Certainly, the government has thoroughly investigated this issue long before Mr. Korchevsky was arrested and there is no doubt that if these properties were tainted, they would be included on their long list.  But, they are not.  Frankly, the fact that the government alludes to it now in the bail process is arguably vindictive and should be rejected by the Court.

  Lastly, as the Court is now aware, Mr. Korchevsky is a prominent figure in the Slavic Baptist Church – both nationally and world-wide.  Indeed, Mr. Korchevsky is the chairman of the Association of Baptist Churches, which is comprised of 28 churches and 4000 members.  He has travelled far and wide to preach to congregations in all parts of the world.  Your Honor has previously been provided with several petitions from members of churches that fully support Mr. Korchevsky.  Since then an additional petition from the Russian Evangelical Baptist Church of Westfield, MA has been completed.  I have attached the petition for your Honor's review.  The sheer numbers alone of these community ties, demonstrates not only insight into Mr. Korchevsky's outstanding reputation in the community, but belie and weaken the government's argument that he should be detained because he is a risk of flight.

                 Sincerely,

                 Sullivan & Brill, LLP

                 _____

                 By: Steven Brill