UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
----------------------------X
                            :
UNITED STATES OF AMERICA,    :
                            :    15-CR-381 (RKD)
        v.                   :
                            :    September 4, 2015
VITALY KORCHEVSKY,           :
                            :    Brooklyn, New York
            Defendant.       :
                            :
----------------------------X
```

TRANSCRIPT OF CRIMINAL CAUSE FOR BOND SATISFACTION
BEFORE THE HONORABLE STEVEN M. GOLD
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Government:          KELLY T. CURRIE, ESQ.
                             UNITED STATES ATTORNEY
                             BY: CHRISTOPHER OTT, ESQ.
                             ASSISTANT U.S. ATTORNEY
                             271 Cadman Plaza East
                             Brooklyn, New York  11201


For the Defendant:           JAMES HEALY, ESQ.




Audio Operator:


Court Transcriber:           ARIA SERVICES, INC.
                             c/o Elizabeth Barron
                             102 Sparrow Ridge Road
                             Carmel, NY 10512
                             (845) 260-1377




Proceedings recorded by electronic sound recording,
transcript produced by transcription service

1           THE CLERK:  Criminal cause for bond

2    satisfaction, case number 15-CR-381, United States v.

3    Vitaly Korchevsky.

4           Counsel, state your appearances.

5           MR. OTT:  Good afternoon, your Honor.

6    Christopher Ott on behalf of the United States.

7           THE COURT:  Mr. Ott.

8           MR. HEALY:  Good morning, your Honor.  James

9    Healy of Sullivan & Brill for Mr. Korchevsky.

10          THE COURT:  Mr. Healy.

11          Mr. Korchevsky, do you speak and understand

12   English?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Mr. Ott, I've got quite a

15   detailed bond here.  The clerk tells me that it's his

16   understanding that all of the conditions of the bond

17   have now been satisfied but for the defendant's own

18   signature.  Is that right?

19          MR. OTT:  That's right.  As you can tell

20   just from looking at it, this is a more complex bond

21   than some.  But most of the complicating factors have

22   to do with that some suretors were in the Philadelphia

23   area, the Eastern District of Pennsylvania.  Judge

24   Dearie specifically ordered that they be admonished as

25   to their responsibilities by a judge.  So to do that,

1   Mr. Healy's associates in the Eastern District of

2   Pennsylvania have gone before a magistrate judge with

3   the sureties to actually perfect that.  The real

4   property reports, et cetera have been provided.  The

5   cash surety has been provided and there's a receipt

6   reflected on the docket.  In sum, once the signature is

7   affixed to the bond, we believe it's been satisfied in

8   accordance with Judge Dearie's order.

9             THE COURT:  So page 3 of the bond has

10  properties A through N, not all real properties but

11  different types of property, A through N, that the

12  government is to restrain before the defendant's

13  release, and you're telling me the government has done

14  so.

15            MR. OTT:  That's right.  Those, your Honor,

16  just by way of color, are the properties that were

17  restrained -- specifically named to be restrained in

18  the indictment.  Judge Dearie, as an additional and not

19  necessarily usual mode of assuring the bond, decided to

20  have the defendant place his interest in those

21  properties against the bond as well.  There are also

22  other properties, including his personal home and the

23  home of his mother-in-law, that he has put up

24  separately.  Those provide I want to say roughly

25  $500,000 worth of equity towards the two-million-dollar

1    bond.

2              THE COURT:  Thank you, Mr. Ott.

3              MR. HEALY:  Your Honor, I'm sorry to

4    interrupt.

5              THE COURT:  Please, go right ahead.

6              MR. HEALY:  If the Court would like, the two

7    additional sureties signed yesterday in the Eastern

8    District of Pennsylvania.  I have a copy here.  It was

9    initialed as well by the magistrate there, if the Court

10   would like a copy for the file.

11             THE COURT:  Sure.  I note that cash was to

12   be deposited in the amount of $200,000 and it was.

13             MR. OTT:  It was, the day of the hearing.

14             THE COURT:  And the property on Mill Road is

15   now restrained as well.

16             MR. OTT:  It is.

17             THE COURT:  And the passports of the wife

18   and children have been surrendered.

19             MR. OTT:  They were surrendered that day as

20   well, I believe.

21             THE COURT:  Okay.  I think that covers it.

22             MR. OTT:  I think so.

23             THE COURT:  Mr. Korchevsky.

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  This is a very unusual bond in

1   terms fo the amount of security and the number of

2   sureties that the judge called for.  What I infer from

3   that, without having learned very much about your case

4   or your background, is that the judge believes that the

5   question of whether you should be released or detained

6   is a close one and that he was persuaded to release you

7   only by the magnitude of the bond you were able to

8   tender.

9           If you do not comply with all of the rules

10  of this bond, or if you fail to appear in court

11  whenever you're directed to do so, all of the

12  properties that are listed on the bond -- and I take it

13  you're familiar with them?

14          THE DEFENDANT:  Of course.

15          THE COURT:  All of those properties will

16  automatically become the property of the United States

17  government and whoever is living there will be required

18  to vacate the premises, to the extent it's real

19  property, and the government will sell them and sell

20  them fast and cheap.  If they don't make two million

21  dollars doing it, they will come after you and the

22  other suretors for the balance.  They will obtain legal

23  judgments against all of the suretors and against you

24  and they will ruin their credit ratings and seize their

25  assets and any income streams they may have, all

1  because you didn't follow these rules.  So all of these

2  people who have put their property on the line and

3  their economic future on the line will have you to

4  thank for an awful predicament.

5           Are you understanding me so far?

6           THE DEFENDANT:  Of course, yes, your Honor.

7           THE COURT:  In addition, a warrant will

8  issue for your arrest.  You wouldn't be released if

9  Judge Dearie weren't convinced you could be found, even

10  if you fail to appear.  So you'll be found.  And given

11  that the question of your release was so close in the

12  first place, I predict you will be remanded without any

13  further opportunity to seek bail.

14           You will be charged with a new crime called

15  bail jumping, of which you may be convicted even if

16  you're acquitted of the charges in the indictment.  A

17  conviction for bail jumping requires a mandatory prison

18  sentence.  Convictions for bail jumping and the charges

19  in the indictment or any of them will require the judge

20  to sentence you to consecutive prison terms.

21           Do you understand what I mean by

22  consecutive?

23           THE DEFENDANT:  Yes.

24           THE COURT:  If you commit any crime at all

25  while you're out on bail, that will not only be grounds

1    to forfeit the bond and lose all the property, not only

2    grounds to remand you without any further bail, but

3    also grounds to impose an even harsher penalty for the

4    new crime than it ordinarily carries because you were

5    on bail release when you committed it.

6            Is all of that clear?

7            THE DEFENDANT:  Yes.

8            THE COURT:  The rules you will have to

9    follow include that your travel will be limited to New

10   York City and Long Island, the Eastern District of

11   Pennsylvania or anyplace else that you have permission

12   of your Pretrial Services officer to travel to.  You

13   may not have contact with the other people named in the

14   indictment, except when you're with your attorney for

15   the purpose of preparing your defense.

16           You will be subject to random visits at home

17   and if you're working, at your place of work by your

18   Pretrial Services officer.  If you make those visits

19   anything but welcoming, you'll be back here.  You must

20   report as directed to your Pretrial Services officer.

21   If they say every day in person, it's every day in

22   person.  If they say once a week by phone, it's once a

23   week by phone, whatever they require of you.

24           You will be subjected to home detention,

25   meaning that you'll be in your home, except that you

1   may leave for religious services and any other activity

2   permitted by Pretrial Services.  You'll pay the costs

3   of your own electronic monitoring.

4           I take it -- I don't see anything about --

5   oh, yes.  Did the defendant already surrender his

6   passport to his Pretrial Services officer?

7           MR. OTT:  Yes, your Honor.

8           THE COURT:  Do you understand everything

9   I've told you?

10          THE DEFENDANT:  Yes.

11          THE COURT:  There's a place to sign the

12  bond.

13          Mr. Healy, are you familiar with the bond

14  form?  If not, Felix will show you where.

15          MR. HEALY:  Your Honor, also for the record,

16  Mr. Korchevsky obviously takes this very seriously and

17  wanted to represent to the Court that he is of course

18  going right back to his home from her.  He will contact

19  Pretrial Services as directed by Pretrial Services

20  here.  It is Friday of Labor Day.  If for any reason

21  Pretrial Services cannot set up the monitoring before

22  this weekend, he will remain in his home until directed

23  otherwise by Pretrial Services in the Eastern District.

24          THE COURT:  I have a feeling you

25  underestimate the --

```
1              MR. HEALY:  I hope so, your Honor.

2              THE COURT:  -- availability and willingness

3    of Pretrial Services to install the equipment but I

4    appreciate your representation on your client's behalf

5    about what will happen if the equipment is not

6    installed.

7              I'm signing the bond.  Does Judge Dearie

8    have a conference date that he's already set?

9              MR. OTT:  He does, your Honor, November 13th

10   at 11:00 in the morning.

11             THE COURT:  Make sure you're there.

12             THE DEFENDANT:  Thank you.

13             THE COURT:  Anything else with respect to

14   Mr. Korchevsky?

15             MR. OTT:  No, your Honor, thank you.

16             THE COURT:  Good day, everybody.

17             MR. HEALY:  Thank you, your Honor.

18                  * * * * * * * * *

19

20

21

22

23

24

25
```

```
 1

 2

 3

 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18        I certify that the foregoing is a correct

19   transcript from the electronic sound recording of the

20   proceedings in the above-entitled matter.

21

22

23

24

25   ELIZABETH BARRON                    December 3, 2015
```