

U.S. Department of Justice

United States Attorney
Eastern District of New York

DCP:JKW  
F. #2012R00103

271 Cadman Plaza East  
Brooklyn, New York 11201

December 6, 2022

By Hand and ECF

The Honorable Raymond J. Dearie  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

        Re:    United States v. Vitaly Korchevsky  
              Criminal Docket No. 15-381 (RJD)

Dear Judge Dearie:

      The government respectfully submits this letter in response to the Court's November 7, 2022 Order directing the government to respond by January 6, 2023 to Vitaly Korchevsky's motion pursuant to 28 U.S.C. § 2255. See ECF Docket No. 495. The Order states in relevant part that "[i]f the defendant advances a claim of ineffective assistance of counsel, government counsel shall obtain and file with its return an affidavit from the attorney in question addressing the merits of the claim[.]" Id.

      Ground Two of Korchevsky's habeas petition advances ineffective assistance of counsel claims involving his lead trial and appellate counsel, Steven Brill, Esq. See ECF Docket No. 494. At the Court's direction, the government contacted Mr. Brill and requested that he provide an affidavit addressing these claims. After Mr. Brill expressed a concern that the attorney-client privilege would prevent him from submitting such an affidavit, the government provided Mr. Brill with case law that establishes that the attorney-client privilege is implicitly waived when the petitioner (i.e., the client) alleges ineffective assistance of counsel and puts communications between himself and his attorney directly in issue. See, e.g., Rosemond v. United States, 378 F. Supp. 3d 169, 182 (E.D.N.Y. 2019); Aladino v. United States, No. 09-CV-926 (CBA), 2011 WL 6131175, at *2 (E.D.N.Y. Dec. 8, 2011); LoCascio v. United States, No. 00-CV-6015 (ILG), 2005 WL 8156968, at *1 (E.D.N.Y. Sept. 14, 2005). Nonetheless, Mr. Brill has advised the government that he will not provide an affidavit and make statements concerning Korchevsky's case without "an express waiver of privilege from Mr. Korchevsky."

      Accordingly, the government respectfully asks that the Court issue an order requesting that Korchevsky confirm and agree that the privilege with regard to his

communications with his attorneys Steven Brill, Esq., Rachel Brill, Esq., James Lee Healy, Esq., and Youngjin Choi, Esq. of Sullivan & Brill LLP is waived and advise the Court as whether he still wishes to proceed on Ground Two of his petition. A proposed waiver form is enclosed for the Court's consideration.[1] In addition, should Korchevsky confirm he wishes to proceed on his ineffective assistance of counsel claims, the government respectfully requests that Court grant the government additional time to respond to the petition so that it may first consider the information contained within Mr. Brill's forthcoming affidavit.

        Respectfully submitted,

        BREON PEACE
        United States Attorney

By:   /s/ Jessica K. Weigel
        Jessica K. Weigel
        Assistant U.S. Attorney
        (718) 254-6157

cc:    Clerk of Court (RJD) (by ECF)
       Defense counsel (by ECF)
       Vitaly Korchevsky (by U.S. Mail)

---

[1] The proposed form mirrors the waiver form used by the Honorable Dora L. Irizarry in United States v. Michael Romano, No. 2:09-CR-168 (E.D.N.Y.). See ECF Docket No. 638.